IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**RUSSEL CIPRIANO AGUILERA,**

      **Petitioner,**

**v.**                                          **No. Civ.  09-1191 JCH/LAM**

**BOARD OF IMMIGRATION APPEALS,**

      **Respondent.**

**MEMORANDUM OPINION AND ORDER TRANSFERRING PETITION**

      **THIS MATTER** comes *sua sponte* before the Court on  pro se Petitioner Russel Cipriano Aguilera's application to proceed *in forma pauperis* ("IFP"), filed February 11, 2010 (Doc. 6), and on the Court's concomitant obligation "to review the affidavit and screen [Aguilera's] case under 28 U.S.C. §§ 1915(a) and (e)."  *Lister v. Dep't Of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005).

      Screening the case under § 1915(e) includes determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief."  § 1915(e).  "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action."  *Lister*, 408 F.3d at 1312.

      In screening the case, the Court resolves the issue whether the Petition states a claim on which relief may be granted by this Court by applying the same standards used in resolving motions to dismiss for failure to state a claim brought under FED. R. CIV. P. 12(b)(6).  *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).  This means that the Court must

> look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief.  Rather than adjudging whether a claim is 'improbable,' factual allegations in a complaint must be enough to raise a right to relief above the speculative level.  In addition, [the Court] must construe a pro se []

complaint liberally.

*Id.* at 1218 (internal quotation marks, original brackets, and citations omitted).

Aguilera seeks judicial review of the Board of Immigration Appeal's final order of removal that denied Aguilera's request under the Convention Against Torture for asylum and his request for withholding or deferral of removal.  *See* Doc. 1 at 1 (Petition).  This Court does not have subject-matter jurisdiction over the Petition, however.  The REAL ID Act of 2005 amended federal law to provide that "[n]otwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code ... a petition for review filed with an appropriate court of appeals ... shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act[.]"  8 U.S.C. § 1252(a)(5); *Schmitt v. Maurer*, 451 F.3d 1092, 1094 (10th Cir. 2006).  Aguilera, therefore, should have filed his Petition in the Tenth Circuit Court of Appeals.

28 U.S.C. § 1631 provides:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

The Tenth Circuit has held that "[a] court may *sua sponte* cure jurisdictional and venue defects by transferring a suit under the federal transfer statutes, 28 U.S.C. §§ 1406(a) and 1631, when it is in the interests of justice."  *Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir.  2006).  "[Section] 1631 applies in cases where either subject matter jurisdiction or personal jurisdiction is lacking" and the Tenth Circuit has "directed that, after the enactment of § 1631, where the court determines that

2

it lacks jurisdiction and the interests of justice require transfer rather than dismissal, the correct course . . . is to transfer the action pursuant to § 1631." *Id.* at 1223 (internal quotation marks, citation, and brackets omitted).

> [F]actors warranting transfer rather than dismissal, at least under § 1631, include finding that the new action would be time barred; that the claims are likely to have merit; and that the original action was filed in good faith rather than filed after plaintiff either realized or should have realized that the forum in which he or she filed was improper.

*Id.* (citations and internal quotation marks omitted).  But transfer to the Court of Appeals is permissible only if the petition would have been timely if it had been filed there initially.  See § 1631; *Rivera-Bottzeck v. Ortiz*, No. 06-1432, 241 Fed. Appx. 485, 487, 2007 WL 1991143, *2 (10th Cir. July 11, 2007) (noting that "a petition for judicial review of a final order of removal must be filed no later than 30 days after the date of the order" and affirming decision not to transfer habeas case under § 1631 because the petition was time-barred at the time it was filed in the district court).

In this case, Aguilera has not indicated when the final order of removal was entered, so the Court cannot determine whether his Petition is timely filed.  But because Aguilera filed his Petition on December 11, 2009, if the Court dismissed instead of transferring it, it would definitely be untimely to attempt to refile it in the Tenth Circuit Court of Appeals.  Therefore, the Court finds that transfer is warranted in the interests of justice under § 1631 and will transfer this case to the Tenth Circuit Court of Appeals.  Accordingly, the motion to proceed IFP must be denied without prejudice to its renewal in the Tenth Circuit.

**IT IS ORDERED** that Aguilera's motion to proceed IFP [Doc. 6] is denied without prejudice, and the Clerk of the Court shall transfer this case to the Tenth Circuit Court of Appeals.

_____
UNITED STATES DISTRICT JUDGE